UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHAEL GREEN,

        Petitioner,

v.

MICHAEL BURGESS,

        Respondent.
_____/

Case No. 1:21-cv-652

Honorable Robert J. Jonker

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.     Factual allegations**

Petitioner Michael Green is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Petitioner pleaded *nolo contendere* in the Kalamazoo County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b(1)(f).  On June 3, 2019, the court sentenced Petitioner to a prison term of 9 to 30 years.

Petitioner, with the assistance of counsel, filed an application for leave to appeal his sentence in the Michigan Court of Appeals.  Petitioner challenged the scoring of three offense variables.  By order entered January 21, 2020, the Michigan Court of Appeals denied leave "for lack of merit in the grounds presented."  *People v. Green*, No. 351749 (Mich. Ct. App. Jan. 21, 2020) (available at http://publicdocs.courts.mi.gov/coa/public/orders/2020/351749(10)_order.pdf).  Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court.  That court denied leave by order entered May 26, 2020.

On July 29, 2021, Petitioner timely filed his habeas corpus petition raising three grounds for relief, as follows:

> I.      Petitioner is entitled to re-sentencing because OV-3 was improperly scored on the basis of inaccurate information in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> II.     Petitioner is entitled to re-sentencing because OV-4 was improperly scored . . . on the basis of inaccurate information in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> III.    Petitioner is entitled to re-sentencing because OV-7 was improperly scored . . . on the basis of inaccurate information in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

(Pet'r's Mem. of Law, ECF No. 2, PageID.16.)

**II.     AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III.   Discussion

Petitioner's habeas claims relate to the trial court's determination of Petitioner's sentence under the Michigan sentencing guidelines. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of, or departures from, sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373–74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). The crux of each of Petitioner's challenges is that the trial court applied the guidelines erroneously when it assessed the points for offense variables 3, 4, and 7. That sort of challenge is not cognizable on habeas review. Petitioner attempts to bring his claims within the boundaries of habeas cognizability with two arguments: first, he suggests that the evidence presented by the prosecutor with regard to the offense variables was not constitutionally sufficient; and second, he contends the court based his sentence on materially false information.

### A. Sufficiency

Petitioner suggests that he was denied due process because the prosecutor's proof with regard to the variables was insufficient, that the prosecutor failed to establish the underlying facts by a preponderance of the evidence. Whether or not the evidence preponderated or was "sufficient" to demonstrate Petitioner's conduct as found by the trial court is not a constitutional issue.

The Sixth Circuit described the scope of constitutional protection at sentencing as follows:

> But the Due Process Clause does not offer convicted defendants at sentencing the same "constitutional protections afforded defendants at a criminal trial." *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc). "[B]oth before and since the American colonies became a nation," *Williams v. New York* explains, "courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be

6

> imposed within limits fixed by law." 337 U.S. 241, 246 (1949). That tradition has
> become more settled over time, because "possession of the fullest information
> possible concerning the defendant's life and characteristics" is "[h]ighly relevant—
> if not essential—to [the judge's] selection of an appropriate sentence." *Id*. at 247.
> An imperative of "evidentiary inclusiveness"—"a frame of reference as likely to
> facilitate leniency as to impede it," *United States v. Graham–Wright*, 715 F.3d 598,
> 601 (6th Cir.2013)—explains why the Evidence Rules, the Confrontation Clause,
> and the beyond-a-reasonable-doubt standard of proof do not apply at sentencing.
> *See United States v. O'Brien*, 560 U.S. 218, 224 (2010) (beyond a reasonable
> doubt); *Williams v. New York*, 337 U.S. at 246–47, 252 (Evidence Rules); *United
> States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006) (Confrontation Clause);
> *see generally United States v. Tucker*, 404 U.S. 443, 446 (1972).

*United States v. Alsante*, 812 F.3d 544, 547 (6th Cir. 2016). In *McMillan v. Pennsylvania*, 477 U.S. 79 (1986),[1] the Supreme Court acknowledged that "sentencing courts have always operated without constitutionally imposed burdens of proof . . . ." *Id*. at 92 n.8.[2]

Petitioner argument suggests that the federal constitution requires that, at the very least, facts in support of Offense Variable scoring must be proved by a preponderance of the evidence. There is clearly established federal law that supports the conclusion that proof at sentencing by a preponderance of the evidence would satisfy due process. *See, e.g., United States*

---

[1] *McMillan* was overruled in *Alleyne v. United States*, 570 U.S. 99 (2013). *See United States v. Haymond*, 139 S.Ct. 2369, 2378 (2019) ("Finding no basis in the original understanding of the Fifth and Sixth Amendments for *McMillan* and *Harris* [*v. United States*, 536 U.S. 545 (2002)], the [*Alleyne*] Court expressly overruled those decisions . . . ."). The *McMillan* holding that was overruled, however, was the principle that factors implicating mandatory minimum sentences did not require proof beyond a reasonable doubt. The underlying premise from *McMillan* quoted above— that there is no constitutionally required standard of proof to support discretionary sentencing decisions—survived *Alleyne* and, indeed, was effectively highlighted by *Alleyne* when the *Alleyne* Court distinguished mandatory from discretionary sentencing decisions. None of the cases in the line of authority that culminated in *Alleyne*—*Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 53 U.S. 584 (2002), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005)—suggest that the constitutionally required burden of proof that applies to facts found in support of mandatory maximum or minimum sentences applies to discretionary sentences.

[2] Even the term "burden of proof" can be misleading. As the Supreme Court noted in *Mullaney v. Wilbur*, 421 U.S. 684 (1975), "[c]ontemporary writers divide the general notion of 'burden of proof' into a burden of producing some probative evidence on a particular issue and a burden of persuading the factfinder with respect to that issue by a standard such as proof beyond a reasonable doubt or by a fair preponderance of the evidence." *Id*. at 695 n.20. Generally, the constitution places the burden of production and persuasion on the prosecutor to prove the elements of a charged offense and the standard of persuasion is "beyond a reasonable doubt." There are times, however, where the constitution permits the placement of the burden of production and persuasion on the defendant, for example, with regard to affirmative defenses. It might be less confusing to refer to the required persuasive impact of the evidence as the standard of persuasion rather than the burden of proof.

*v. Watts*, 519 U.S. 148, 156 (1997). *Watts* notes that proof by a preponderance of the evidence would satisfy due process, but the Court did not say that due process requires it. Rather, in *Watts*, it was the federal sentencing guidelines that required proof by a preponderance of the evidence and the Court only considered whether a higher standard—such as clear and convincing evidence—was constitutionally required. Thus, *Watts* was not an attempt to establish the bottom limit of constitutional propriety; it merely held that a preponderance of the evidence standard of persuasion was constitutionally acceptable, even for acquitted conduct.[3]

Even though the State of Michigan may require that facts supporting a sentence be proven by a preponderance of the evidence, that requirement is a matter of state law, not the constitution. Therefore, a sufficiency-of-the-evidence claim for sentencing, at least for a non-capital offense, is not cognizable on habeas review.

    **B.**     **False information**

Petitioner also claims that his sentence is constitutionally flawed because it is based on false information. It is well established that a court violates due process when it imposes a sentence based upon materially false information. *United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 740 (1948) (citation omitted). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. As set forth fully below, none of Petitioner's challenges are proper due process challenges based on the trial court's consideration of false or inaccurate information. Instead, they are non-cognizable state-law challenges to the state court's application of the guidelines.

---

[3] As a practical matter, the preponderance of the evidence standard might be the lowest acceptable standard of persuasion, not because of the due process clause, but because anything lower than "more likely than not" is not really persuasive at all.

Offense variable 3 requires the court to score 10 points where bodily injury requiring medical treatment occurred to a victim. Mich. Comp. Laws § 777.33. Moreover, if there is bodily injury that does not require medical treatment, the sentencing judge should score 5 points, unless bodily injury is an element of the sentencing offense. *Id*. It appears that Petitioner's sexual penetration of the victim rose the level of CSC-I because he caused personal injury to the victim. Mich. Comp. Laws § 750.520b(1)(f). The court awarded 10 points.

Petitioner argues that the victim did not require medical treatment:

> In the present case, the YWCA staff noted scrapes and bruises. She was offered pain medications which she declined. One can presume that she felt no pain. In her victim impact statement when asked about physical injury, she stated "nothing that lasts physically." She was given antibiotics, however, that was most likely proactive treatment since she had no evidence of infection or disease.

(Pet'r's Mem. of Law, ECF No. 2, PageID.25–26). Petitioner does not identify a single fact that was before the sentencing court that was false. He instead argues that the facts before the court did not support the conclusion that the victim suffered bodily injury requiring medical treatment. That is a matter of application of the guidelines—purely a state-law issue—not an issue regarding the accuracy of the facts that the court considered. Petitioner's offense variable 3 argument, therefore, fails to raise a cognizable habeas claim.

Offense variable 4 calls for a score of 10 points if serious psychological injury requiring professional treatment occurred to a victim. Mich. Comp. Laws § 777.34. Petitioner claims his victim did not suffer serious psychological injury:

> In this case, the complainant suffered emotional upset, but it did not rise to the level of serious psychological injury. Her feelings were normal for what happened to her. She said in the victim impact statement that he made her have nightmares, yet she was not specific if there was a nexus between her nightmares and the offense. Her family was angry and wanted to kill him. She has flashbacks while vaping and if she is alone too long she sees him in her mind. She also stated she did not seek counseling.

(Pet'r's Mem. of Law, ECF No. 2, PageID.29.)  Again, Petitioner does not identify a single fact that was before the sentencing court that was false.  Instead, he challenges the sentencing court's conclusions in applying the guidelines.  Petitioner's offense variable 4 challenge, therefore, likewise fails to raise a cognizable habeas claim.

Offense variable 7 permits the scoring of 50 points where the victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense.  Mich. Comp. Laws § 777.37.  Petitioner's argument with regard to this point is particularly disingenuous:

> In this case, there was no particularly heinous instances in which Petitioner acted to increase the complainant's fear by a substantial or considerable amount.  He thought that they were having BDSM sex and that she would say "no," and then "Don't stop."  He understood the mixed messages indicated to him that it was consensual.

(Pet'r's Mem. of Law, ECF No. 2, PageID.32.)[4]  For Petitioner to suggest that his BDSM sexual penetration of the victim—which his plea indicates was nonconsensual—did not involve sadism or torture or brutality or was not intended to increase fear and anxiety, is to ignore what BDSM means.  Certainly, Petitioner has failed to identify any false fact upon which the court relied.  Petitioner's own statements support the score.  In short, Petitioner's challenge to the scoring of offense variable 7 also fails to raise a cognizable habeas claim.

For all of these reasons, Petitioner has failed to demonstrate that the state appellate court's rejection of his claims is contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, he is not entitled to habeas relief.

---

[4] "BDSM" refers to bondage, discipline, sadism, and masochism.  *See, e.g., United States v. Stephenson*, 659 F. App'x 221, 222 (6th Cir. 2016).

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, for the same reasons that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

11

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated: August 17, 2021 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE